UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN JERMAINE HARRIS SR.,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:23-cv-00705 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* pleading entitled "judicial review according to Administrative Procedure Act," ECF No. 2, which the court will construe as a civil complaint. Upon review, and for the reasons explained below, the court will dismiss the case without prejudice.

At the outset, the court notes that plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is not captioned for this court, in contravention of Federal Rule 10(a) and D.C. Local Civil Rule 5.1(g), and will therefore be denied.

Plaintiff is an Oklahoma state prisoner who is a member of the Cherokee Nation. He sues the United States Departments of Justice and Department of the Interior and alleges that an Oklahoma state court was "without criminal jurisdiction" to prosecute, convict, and sentence him, in violation of several federal laws and treaties. More specifically, because his alleged crimes occurred on a reservation, he contends that they were subject only to federal prosecution. He seeks to vacate his "illegal detention" by and through this court's "review pursuant to the Administrative Procedure Act (5 U.S.C. § 701 et seq) of [defendants'] failure to investigate and, if necessary,

prosecute Oklahoma state officials for illegal detention of [plaintiff] and other[s] similarly situated in state custody, and require said agencies to conduct and investigation as to whether Oklahoma officials are violating federal law."  Plaintiff faces hurdles that he cannot overcome.

First, plaintiff should properly pursue these claims by filing a petition for writ of habeas corpus.  *See* 28 U.S.C. § 2254.  Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Before obtaining review, a plaintiff must first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1). Such a petition may proceed only "in the district court for the district wherein such person is in custody or in the district court for the district [where] the State court was held which convicted and sentenced [petitioner][,] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). And if the petition is a second or successive one, the plaintiff first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Consequently, plaintiff must pursue relief in the United States District Court for the District of Oklahoma or in the United States Court of Appeals for the Tenth Circuit.

Second, because plaintiff may pursue relief by and through a petition for writ of habeas corpus, there can be no of action under the APA to challenge the legality of his conviction or detention "because that Act is limited to review of agency action 'for which there is no other adequate remedy.'" *Vetcher v. Sessions*, 316 F. Supp. 3d 70, 77–78 (D.D.C. 2018) (holding that plaintiff may not bring claim under APA when habeas remedy was available) (quoting 5 U.S.C. § 704; citing *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 305 (D.D.C. 2009)).

Third, and similarly, the court notes that plaintiff passingly references the federal

mandamus act, 28 U.S.C. § 1361, but mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). As discussed, plaintiff has an available remedy in habeas. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citation omitted)); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). And where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988).

Fourth, plaintiff cites, without explanation, to the All Writs Act, 28 U.S.C. § 1651, "but there is no debate that the only court with authority to grant the writ is the court that issued the underlying judgment or order that will be affected by granting the writ." *Aka v. Holder*, No. 09 1526, 2009 WL 2496712, at *1 (D.D.C. Aug. 13, 2009) (citing *United States v. Salgado*, 692 F. Supp. 1265, 1269 n.3 (E.D. Wash. 1988) ("The authorities are unanimous that only the court rendering judgment has the power to issue an extraordinary writ. Thus, § 1651 does not create jurisdiction, but merely allows a court to exercise continuing jurisdiction in aid of, or in supervising, its own judgments."); *Telecommunications Research and Action Center v. Federal Communications Commission*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief.")). Thus, plaintiff has no recourse in this District to circuitously challenge his prosecution, conviction, or incarceration, under the All Writs

Act.

Fifth, plaintiff recites 25 U.S.C. § 2802, which provides the Secretary of the Interior responsibility in "providing, or for assisting in the provision of, law enforcement services in Indian country[,]" *see id*. § 2802(a), including a specific list of those law enforcement and public safety responsibilities, *see id*. § 280(b) *et seq*. While these responsibilities certainly exist, there is no indication that this statute provides an individual any private right of action, and moreover, this provision does not, in any way, foreclose plaintiff's ability to pursue his claims through a writ of habeas corpus.

Sixth, plaintiff may not initiate criminal proceedings by filing a complaint with this court because the court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may plaintiff compel a criminal investigation by any law enforcement agency by filing a complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's

absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Finally, to the extent that plaintiff attempts to bring this action on behalf of those "similarly situated," he may not do so, because a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge